## 53441. IDEAL PAINT CONTRACTORS, INC. v. HOME MART BUILDING CENTERS, INC.

MARSHALL, Judge.

The appellee sued the appellant to recover $14,970.26 on open account (in Count 1) and on a promissory note (in Count 2). The defendant answered, generally denying the indebtedness. The plaintiff filed a first request for admissions of fact and a motion for summary judgment, supported by the affidavit of its president, to the effect that the amount of *$14,460.20* is owing to the plaintiff by the defendant, which amount "is within the knowledge of affiant." Thereafter, the plaintiff amended its complaint to conform to the amount shown by the affidavit to be outstanding. On August 17, 1976, the plaintiff filed a second request for admissions of fact, attaching as an exhibit thereto a statement of the account between the parties. This second request was never answered.

On September 2, 1976, the defendant filed a motion in opposition to the motion for summary judgment (unaccompanied by affidavit), alleging that the plaintiff's supporting affidavit "does not comply with Georgia law as defined in [Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238)]," that there is a discrepancy between the amounts pleaded in the complaint and shown in the affidavit, and that the plaintiff is not entitled to judgment as a matter of law. On September 3, 1976, the defendant answered the plaintiff's first request for admissions, in which it admitted owing the plaintiff *some* amount, denied owing the sum of $14,970.26 plus interest, and neither admitted nor denied certain requests for admission because no invoices were attached to the pleading.

On September 7, 1976, following oral argument on the motion for summary judgment, the trial judge ruled that the motion would be granted after the expiration date (September 16) for answering the plaintiff's second request for admissions. On September 21, 1976, no answer having been filed to said second request, the judge entered summary judgment for the plaintiff in the principal amount of $14,460.20, from which judgment the

defendant appeals. *Held:*

Pretermitting the issues of the efficacy of the supporting affidavit and the objection thereto, the grant of the motion for summary judgment was correct because, regardless of the prior pleadings in the case, the failure to timely answer the second request for admissions — which included that "the principal balance due and owing on accounts by defendant to plaintiff is $14,460.20 for which demand has been made for payment and defendant has failed and refused to pay" and a copy of the statement of account showing an outstanding balance in that same amount — constituted an admission of these matters. Code Ann. § 81A-136 (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528). Contrary to the appellant's contention, the answering of this second request was not a useless act, which fact the trial judge realized when he allowed time for filing answers before entering the summary judgment.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED FEBRUARY 15, 1977 — DECIDED APRIL 5, 1977.

*Wallace C. Clayton,* for appellant.
*Richard E. Thomasson,* for appellee.